IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| ALAN R. SCHMIDT and : | |
| LISA A. SCHMIDT, : | |
| : | Bankruptcy No. 04-26455-MBM |
| Debtors. : | |
| Alan R. Schmidt and Lisa A. Schmidt, : | Chapter 7 |
| Plaintiffs, : | |
| : | |
| v. : | Adversary No. 04-3024-MBM |
| : | |
| American Education Services, : | |
| Pennsylvania Higher Education : | |
| Assistance Agency Guarantor of : | |
| HEAL Program, Health Resources : | |
| and Service Administration Division : | |
| of Student Assistance, : | |
| Defendants. : | |

## MEMORANDUM

**AND NOW**, this **18th day** of **May, 2005**, upon consideration of (a) the adversary complaint filed by Alan and Lisa Schmidt, the instant debtors (hereafter "the Debtors"), wherein the Debtors seeks a determination by the Court that (i) to except from their Chapter 7 discharge various pre-petition student loan debts owed to the above-named defendants will impose an undue hardship on them, and (ii) said student loan debts are thus discharged pursuant to 11 U.S.C. § 727 rather than are nondischargeable pursuant to 11 U.S.C. § 523(a)(8), and (b) the summary judgment motion filed by Educational Credit Management Corporation (hereafter "ECMC"), who is the successor-in-interest to defendant American Education Services, regarding the nondischargeability

AO 72A
(Rev. 8/82)

under § 523(a)(8), in particular, of the Debtors' $19,481.45 student loan debt owed to ECMC;

and subsequent to notice and a hearing held on May 18, 2005, regarding ECMC's summary judgment motion, at which hearing neither the Debtors nor their counsel appeared, and for which motion the Debtors failed to respond, timely or otherwise;

and in light of binding Third Circuit precedent to the effect that a student loan debt is nondischargeable under § 523(a)(8) unless a student loan debtor can preponderantly prove each of the following three factors so as to establish "undue hardship" within the meaning of § 523(a)(8), to wit

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans.

In re Faish, 72 F.3d 298, 304-306 (3rd Cir. 1995) (adopting the three-part test for "undue hardship" set forth in Brunner v. New York State Higher Education Services Corp., 831 F.2d 395, 396 (2nd Cir. 1987) (per curiam), *aff'g* 46 B.R. 752, 756 (S.D.N.Y. 1985));

and because a reasonable fact-finder could not find that the Debtors, as the nonmoving party herein, cannot maintain, based on their current annual

2

income approximating $101,000[1] and current reasonable expenses, a minimal standard of living for themselves and their children if forced to repay their $19,481.45 student loan debt to ECMC, which conclusion, in turn, compels the Court to conclude that a genuine dispute does not exist that the Debtors cannot satisfy the first of the three factors set out in Faish;

and because a reasonable fact-finder also could not find that the Debtors, as the nonmoving party herein, have made good faith efforts to repay their $19,481.45 student loan debt to ECMC given that (a) a reasonable fact-finder, in turn, could only find that the Debtors have failed to minimize their expenses, and (b) the Debtors have likewise failed to make an effort to restructure such student loan debt prior to bankruptcy, such as by, in particular, taking advantage of the Income Contingent Repayment Plan under the William D. Ford Direct Loan Program – all of the foregoing compels the Court to conclude that a genuine dispute does not exist that the Debtors cannot satisfy the third of the three factors set out in Faish;

and since ECMC is entitled to the entry of summary judgment in its favor to the effect that its $19,481.45 student loan claim against the Debtors is nondischargeable under § 523(a)(8) given, as just set forth, that (a) genuine, material factual disputes do not exist, and (b) the Debtors cannot satisfy each of the three factors set out in Faish;

---

[1] The Court arrives at the $101,000 annual income figure by adding to Mr. Schmidt's annual salary of $96,000 the approximately $5,000 in child support that Mrs. Schmidt receives and, thus, contributes to their household income.

3

the Court determines that it shall issue an order that grants ECMC's summary judgment motion.

**BY THE COURT**

*/s/ M. Bruce McCullough*
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

4

AO 72A
(Rev. 8/82)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| ALAN R. SCHMIDT and<br>LISA A. SCHMIDT,<br><br>                 Debtors. | Bankruptcy No. 04-26455-MBM |
| Alan R. Schmidt and Lisa A. Schmidt,<br>                 Plaintiffs, | Chapter 7 |
| v. | Adversary No. 04-3024-MBM |
| American Education Services,<br>Pennsylvania Higher Education<br>Assistance Agency Guarantor of<br>HEAL Program, Health Resources<br>and Service Administration Division<br>of Student Assistance,<br>                 Defendants. | |

## ORDER OF COURT

**AND NOW,** this **18th day** of **May, 2005**, for the reasons set forth in the accompanying Memorandum of same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the summary judgment motion of Educational Credit Management Corporation (hereafter "ECMC") is **GRANTED**, which means that the Debtors' $19,481.45 student loan debt owed to ECMC is declared **NONDISCHARGEABLE** pursuant to § 523(a)(8).

                                                BY THE COURT

                                                M. BRUCE McCULLOUGH,
                                                U.S. Bankruptcy Judge

AO 72A
(Rev. 8/82)

cm:

John P. Neblett, Esq.
Suite 203
2040 Linglestown Road
Harrisburg, PA 17110

Carolyn Dorazio, Esq.
120 Church Road
Wexford, PA 15090

K. Kevin Murphy, Esq.
1200 North Seventh Street
Harrisburg, PA 17102-1444